IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robin L. Day,

    Plaintiff,

    v.                               Case No. 2:18-cv-1627

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff Robin L. Day brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income. In a decision dated March 13, 2018, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of anxiety disorder not otherwise specified, depressive disorder not otherwise specified, cognitive disorder, lumbar degenerative disc disease with stenosis, status-post open reduction internal fixation (ORIF) of a mid left clavicle fracture, and obesity. PAGEID 59-60. The ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to perform light work, limited by:

> no climbing of ladders, ropes, or scaffolds; frequently climb ramps and stairs, stoop, and reach overhead with the left upper extremity; occasionally work in an environment where the temperature was less than thirty degrees Fahrenheit; goal based, production work measured by end result, not pace work; work limited to simple, routine, and repetitive tasks, allowed off task five percent of the day; work in low stress job defined as occasional changes in the work setting; occasional interaction with the public, coworkers, and supervisors.

PAGEID 63. After considering the testimony of a vocational

expert, the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled. PAGEID 79.

This matter is before the court for consideration of plaintiff's September 23, 2019, objections to the September 12, 2019, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own

2

regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

    Plaintiff argued before the magistrate judge that the ALJ erred in failing to specifically address whether the memory loss plaintiff attributed to her chemotherapy treatment following breast cancer surgery in 2010 and her left shoulder pain were severe impairments. Plaintiff contended that this failure resulted in the ALJ not adequately considering these alleged impairments in formulating her RFC. Plaintiff now objects to the magistrate judge's rejection of these arguments and argues that the ALJ did not adequately discuss the extent to which these alleged impairments constituted functional limitations which impacted plaintiff's ability to work.

    Under 20 C.F.R. §404.1520(a)(4)(ii), at step two of the five-step analysis, the Commissioner must determine whether the claimant has a severe impairment. Step two is the means by which the Commissioner screens out totally groundless claims, *see Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985), and is a "*de minimis* hurdle," *see Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988). The magistrate judge correctly concluded that the ALJ's classification of plaintiff's "cognitive disorder" as a severe impairment encompassed the more specific condition of memory loss from breast cancer treatment. Doc. 15, p. 11. There is no evidence that the symptoms of memory loss allegedly suffered as a result of her chemotherapy treatment were any different in type or

3

severity than the memory loss she allegedly sustained as a result of a car accident in January, 2015, or that the earlier memory loss had any kind of cumulative effect on the latter memory loss. The magistrate judge also did not err in reasoning that the left shoulder pain which plaintiff complained about was encompassed within the ALJ's finding that plaintiff had a severe impairment due to her status after surgery in February, 2015, to repair a mid-left clavicle fracture sustained in the January, 2015, automobile accident.

Remand is not required due to the ALJ's failure to specifically address whether plaintiff's memory loss stemming from breast cancer treatment and her left shoulder pain were severe impairments. Where an ALJ finds at least one severe impairment and considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does not constitute reversible error. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)(citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

Here, the ALJ adequately assessed the impact of these alleged impairments on plaintiff's functional capacity to work. The ALJ's decision includes a thorough discussion of the plaintiff's hearing testimony and the medical records in evidence. He stated that "all evidence has been considered in assessing the claimant's residual functional capacity." PAGEID 77. However, the ALJ did not simply summarize the medical evidence. His decision includes sufficient discussion from which this court can glean how the ALJ evaluated the severity of plaintiff's alleged impairments. For example, the

4

ALJ noted that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." PAGEID 66.

The ALJ specifically addressed the plaintiff's hearing testimony wherein plaintiff "claimed to have long and short-term memory issues since her history of chemotherapy." PAGEID 65. However, he obviously discounted this claim in light of other evidence in the record. He commented that plaintiff "did not routinely report any memory loss issues from her cancer medications to her oncologist." PAGEID 70. The ALJ observed that "[o]nly in an August 2017 visit with her oncologist did she mention any difficulty remembering things, which was years after she had made the claim to the Social Security Administration that her memory issues had been caused by chemotherapy." PAGEID 70. The ALJ further noted that plaintiff only mentioned her breast cancer treatment once to her mental health provider, and that at other times she reported memory loss after her motor vehicle accident. PAGEID 70, 73.

The ALJ also cited other instances of inconsistent reports of memory loss in general, noting records indicating that: in October, 2015, plaintiff was very vague about her purported memory problems and reported no problems with driving or getting lost, performing her daily activities, or remembering names (PAGEID 71); her short-term memory was sometimes intact (PAGEID 62); plaintiff reported that her husband would remind her to take her medication, but later reported that she needed no reminders to take her medication or manage her personal care (PAGEID 65); and in February and June,

5

2017, plaintiff denied having any memory loss (PAGEID 72). The ALJ observed that plaintiff's "mental health providers also did not see any signs that would suggest disability on a psychological basis." PAGEID 77.

Further insight into the ALJ's reasoning is provided by his decision to give great weight to the August 2015, consultative psychological evaluation conducted by Joan Simpson, Psy.D. In her report, Dr. Simpson indicated that plaintiff stated that she did not remember things following her car accident in January, 2015. PAGEID 73. Dr. Simpson opined that plaintiff's short-term memory was strong, as she could recall five digits forwards and three backwards, and could do serial threes. Exhibit 8F, PAGEID 606-608. However, Dr. Simpson concluded that plaintiff functioned in the low average range of intelligence and that she would have difficulty understanding and following simple instructions. PAGEID 608. The ALJ acknowledged that plaintiff's cognitive disorder would result in mental limitations. PAGEID 77. He took the limitations expressed in Dr. Simpson's report into account in formulating plaintiff's RFC. He accommodated plaintiff's limitations in understanding, remembering and carrying out instructions by requiring, as part of plaintiff's RFC, that she be limited to production work involving simple, routine, and repetitive tasks. Read as a whole, the ALJ's decision adequately explained why he discounted plaintiff's claims of impairment due to memory loss, regardless of the cause of that impairment, in formulating her RFC.

The ALJ also discussed records concerning plaintiff's left clavicle fracture and shoulder pain. He noted that: plaintiff had surgery in February, 2015; in May, 2015, plaintiff was doing well

with no concerns and her range of motion was intact and had improved to near full (PAGEID 69); in January, 2016, plaintiff reported that she had fallen onto her left shoulder and had some pain in that shoulder (PAGEID 69); and in August, 2017, plaintiff had reduced range of motion in her left shoulder, but later, her left shoulder had near full range of motion (PAGEID 69).

The AlJ further concluded that plaintiff had significant functioning inconsistent with her allegations of disability, even after her clavicle fracture, noting that plaintiff: hosted Thanksgiving dinner at her home with her large family; mowed the lawn; crawled under her trailer on one occasion to fix the air conditioner and dug up a sewer line over the course of two days, taking it apart, and putting it back together; took care of her two grandsons; and traveled out of state. PAGEID 77.

The ALJ also stated that the RFC was supported by plaintiff's history of conservative treatment, noting in particular that plaintiff did not have significant continuing treatment for her clavicle fracture following surgical repair. PAGEID 76-77. The ALJ concluded that plaintiff's physical problems, including her status post clavicle surgery, "would be expected to limit her to light work with postural, manipulative, and environmental limitations." PAGEID 77. The ALJ included such limitations in the RFC, including "no climbing of ladders, ropes, or scaffolds; frequently climb ramps and stairs, stoop, and reach overhead with the left upper extremity; and occasionally work in an environment where the temperature was less than thirty degrees Fahrenheit[.]" PAGEID 63.

The ALJ's decision demonstrates that he considered plaintiff's

7

claims of functional impairment stemming from memory loss due to chemotherapy and left shoulder pain. The ALJ adequately explained why he discounted plaintiff's claim of disability in light of the medical record as a whole in formulating plaintiff's RFC. Plaintiff's objections are not well taken.

III. Conclusion

In accordance with the foregoing, the court concludes that the ALJ's finding of nondisability is supported by substantial evidence. The plaintiff's objections (Doc. 16) are denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 15). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment affirming the decision of the Commissioner.

It is so ordered.

Date: November 4, 2019          s/James L. Graham
                                James L. Graham
                                United States District Judge